Misrack MAMO; Tefera Makonnen; Biniam Makonnen; Abiya Makonnen; Sophanig Makonnen, Petitioners,

v.

John ASHCROFT, Attorney General of the United States Respondent.

No. 02–3611.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2004.

Decided Aug. 2, 2004.

Genet Getachew, Brooklyn, NY, for Petitioners.

Michael P. Lindemann, John D. Williams, Rene L. Rocque, United States Department of Justice, Washington, DC, for Respondent.

Before: SLOVITER, RENDELL, and ALDISERT, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

The petitioners Misrack Mamo, her husband Tefera Makonnen, and their three children, Biniam, Abiya, and Sophanig, seek review of a decision by the Board of Immigration Appeals ("BIA") denying the motion to reopen Mamo's deportation hearing, at which her petition for asylum and withholding of deportation was denied.

In December 1994, Makonnen applied to the Immigration and Naturalization Service ("INS") for asylum and withholding of deportation based on persecution for his political opinion. His three children were included in the petition as derivative applicants. On April 23, 1996, the IJ denied the asylum claim and granted the Makonnens voluntary departure.

The Makonnens did not depart the United States, and on April 19, 1999, Mamo (Makonnen's wife) filed an untimely motion with the BIA to reopen. However, there is an exception, 8 C.F.R. § 3.2(c)(3)(ii), for a motion to reopen that is based on changed country conditions.[1] The BIA de-

---

1. Makonnen filed a separate motion for pro-     tection under the Convention Against Torture,

nied the motion to reopen and Mamo filed this Petition for Review. We have jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1105a(a) (1994) and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 § 309(c)(4)(C).

## I.

The Makonnens are natives and citizens of Ethiopia, and Mamo is of Eritrean ethnicity. Their original claim for asylum was based on Makonnen's political opinion. That claim was denied. Mamo filed this untimely motion to reopen based on changed country conditions involving the increased tension between Ethiopia and Eritrea. In May 1998, Ethiopia and Eritrea went to war, and Ethiopia began persecuting its citizens of Eritrean descent by revoking their business licenses, dismissing them from government jobs, and deporting them. Mamo submitted affidavits in support of her motion to reopen stating that on June 27, 1998, soldiers arrested and deported her mother and youngest brother because of her mother's Eritrean origins. Mamo's uncle was also deported, along with other unnamed relatives.

Mamo also submitted the State Department's 1998 *Country Report on Human Rights Practices* ("1998 *Country Report*"), which verified that after the outbreak of war, many Ethiopians of Eritrean origin were detained and deported. However, a *Country Report* issued in 2001 stated that while the human rights conditions in Ethiopia remained poor, "[t]he Government did not continue to detain and deport without due process Eritreans and Ethiopians of Eritrean origin" following a cessation of hostilities agreement with Eritrea signed in June 2000. 2001 *Country Report* at 2, 10, available at http://www.state.gov/g/drl/rls/hrrpt/2001/af/8372.htm.

Because the 2001 *Country Report* was more current than the 1998 one submitted by Mamo, the BIA took administrative notice of it and denied the motion to reopen for changed country conditions. Mamo contends that in taking administrative notice of the 2001 *Country Report*, the BIA violated her due process rights by failing to give her an opportunity to respond, and that in so doing, abused its discretion in denying her motion to reopen. We review a denial of a motion to reopen to determine whether "it was arbitrary, capricious, or an abuse of discretion, and any findings of fact to determine whether they were supported by substantial evidence." *Sevoian v. Ashcroft,* 290 F.3d 166, 168 (3d Cir.2002). For the reasons that follow, we will affirm the decision of the BIA.

## II.

■■■ Mamo's due process argument is without merit. The Board has no authority to grant an untimely motion to reopen unless Mamo established a prima facie case of changed circumstances. 8 C.F.R. § 3.2(c). In assessing the prima facie showing,

> [t]he reopening decision is made, as in this case, without the benefit of an evidentiary hearing on the new issues raised in the motion to reopen. Indeed, the very purpose of a motion to reopen is to win a hearing. The determination to be made is whether the facts articulated are likely to meet the relevant statutory or regulatory standards.

*Sevoian,* 290 F.3d at 174. Mamo did not have a due process right to rebut facts accepted on administrative notice, and other circuits have noted that it is well-settled that "the BIA has the authority to take administrative notice of current events bearing on an applicant's well-founded fear of persecution." *Yang v. McElroy,* 277

which was denied. That motion is not related to the matter on appeal.

F.3d 158, 163 n. 4 (2d Cir.2002) (citing *Meghani v. INS,* 236 F.3d 843, 847—48 (7th Cir.2001); *de la Llana–Castellon v. INS,* 16 F.3d 1093, 1095–96 (10th Cir. 1994)). Even if we were convinced by the argument that an asylum applicant should be given notice that the IJ or Board was considering taking administrative notice of legislative facts and should be given an opportunity to respond, that proposition is inapplicable here. *See, e.g., Gebremichael v. INS,* 10 F.3d 28, 39 (1st Cir.1993) (holding that the BIA ran "afoul of petitioner's procedural rights" in failing to provide response opportunity); *Castillo–Villagra v. INS,* 972 F.2d 1017, 1029 (9th Cir.1992) (holding the "Board erred in taking notice ... without providing the petitioners the opportunity to rebut the noticed facts."). Mamo herself placed the *Country Report* at issue by using it to illustrate changed conditions, and cannot fault the BIA for using the most updated version in rendering its decision. Having already had a full removability hearing before an IJ in 1996, which was independently reviewed in 1997, she had no right to further response once she failed to meet her burden of establishing a prima facie case. Moreover, as the Government notes, nothing prevented Mamo from submitting supplemental information regarding why she still faced persecution once the war was over.

Because Mamo's motion to reopen was based on the tension between Ethiopia and Eritrea, which had dissipated dramatically by the time her motion to reopen was considered, it was not an abuse of discretion for the BIA to deny the motion.

For these reasons, we will deny the petition for review of the Order of the BIA.